UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:21-CR-061-REW-HAI-2 |
| v. | ) | |
| | ) | |
| JONATHAN BUSHNELL, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 125 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Jonathan Bushnell's guilty plea and adjudge him guilty of Count One of the Indictment, *see* DE 12 (Indictment); DE 127 Plea Agreement; DE 128 (Recommendation). Judge Ingram expressly informed Bushnell of his right to object to the recommendation and secure *de novo* review from the undersigned. See DE 128 at 2-3. The established, three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate[ judge]'s report and recommendation . . . he has forfeited his right to raise this issue on appeal.'") (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996) (quote brackets simplified)); *United States v. Olano*, 133 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); Fed. R. Crim. P. 59(b)(2)-(3) (limiting de novo review duty to "any objection"

1

filed); 28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 128, **ACCEPTS** Bushnell's guilty plea, and **ADJUDGES** Bushnell guilty of Count One of the Indictment;

2. The Court GRANTS DE 124. The record demonstrates that Bushnell meets the non-risk requirements of § 3143(a)(1); further, per § 3145(c), the Court finds that the particulars of his treatment progress and program status clearly are exceptional reasons making detention inappropriate at this juncture. The Court **GRANTS** DE 124 and **ORDERS** Bushnell to report to the custody of the United States Marshal by 1 p.m. on **April 7, 2023**; and

3. The Court will issue a separate sentencing order.

This the 10th day of February, 2023.

Signed By:
*Robert E. Wier*  REW
United States District Judge